IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

**BROOKE KIRBY,**

    **Plaintiff,**

v.

CASE NO.:

DIVISION:

**THE COTTAGES OF PORT RICHEY, INC.,
TRUSTED SENIOR CARE, INC.**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BROOKE KIRBY ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, THE COTTAGES OF PORT RICHEY, INC. and TRUSTED SENIOR CARE, INC. ("Defendants"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Florida Private Whistleblower Act ("FPWA"), Fla. Stat. 448.102, and Florida common law.

2. Venue is proper in Pasco County because all of the events giving rise to these claims occurred in this County.

## PARTIES

3. Plaintiff is a resident of Pasco County, Florida.

4. Defendants operate a nursing home in New Port Richey, in Pasco County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

11. Defendants continue to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendants were and continue to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

14. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FPWA, Fla. Stat. 448.101(2).

15. At all times material hereto, Defendants were an "employer" within the meaning of the FPWA, Fla. Stat 448.101(3).

## FACTS

16. Plaintiff began working for Defendants as an Office Manager in April 2017, and she worked in this capacity until August 2018.

17. Plaintiff requested Defendants provide a place shielded from view and free from intrusion from coworkers and the public, so that Plaintiff could express breast milk.. The Defendants provided her access to the women's bathroom.

18. Plaintiff refused to use the bathroom to express milk and again Plaintiff again requested Defendants provide a place shielded from view and free from intrusion from coworkers and the public, so that Plaintiff could express breast milk.

19. Defendants provided Plaintiff with a place for expressing breast milk which contained a surveillance camera .

20. Plaintiff inquired as to whether the camera was operable and received a written statement from defendants that the camera was not working.

21. That was a false statement and the camera in the room in which she expressed milk recorded Plaintiff, on numerous occasions, while she expressed breast milk.

22. Defendants failed to provide Plaintiff a place shielded from view and free from intrusion from coworkers and the public, in violation of the FLSA.

23. In August 2018, Defendants retaliated against Plaintiff for pursuing her rights under the FLSA by terminating Plaintiff. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

24. By filming Plaintiff while she was expressing breast milk, Defendants intentionally intruded upon the Plaintiff's solitude, seclusion, and personal affairs in a manner that is highly offensive to the reasonable person, and in doing so intruded upon Plaintiff's seclusion.

25. Defendants are an employer and as an employer they are subject to the provisions of the Occupational Safety and Health Act ("OSHA") 29 U.S.C. § 655(a)(1).

26. Defendants were required to furnish a place of employment free from recognized hazards that are causing or are likely to cause death or serious physical harm to employees.

27. Plaintiff objected to and refused to participate in activities and practices of Defendants which Plaintiff had a good faith, reasonable belief were violations of and/or were actual violations of laws, rules, and regulations, including but not limited to OSHA.

28. During the course of her employment, Plaintiff complained to Defendants about a recognized hazard that caused or could cause death or serious physical harm to employees. Specifically, Plaintiff complained about mold in the workplace.

29. In August 2018, Defendants terminated Plaintiff's employment in retaliation for her objection and refusal to participate in Defendants' illegal behavior and for engaging in protected activity under the FPWA.

30. In exchange for Plaintiff's service, Defendants agreed to pay Plaintiff an hourly wage and commission for her work.

31. Defendants failed to pay Plaintiff all wages and commissions owed to Plaintiff.

32. Plaintiff's unpaid commissions constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

33. Defendants' failure to pay Plaintiff all of Plaintiff's wages was willful.

## COUNT I – FLSA VIOLATION

34. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

35. During the statutory period, Plaintiff requested a place for the expression of breast milk shielded from view and free from intrusion from coworkers and the public but was not provided such a place in accordance with the FLSA.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

37. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c) An amount equal to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

39. By demanding to be treated in accordance with FLSA, Plaintiff engaged in protected activity under the FLSA.

40. By terminating Plaintiff for requesting a place for the expression of breast milk shielded from view and free from intrusion from coworkers and the public, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 207.

42. As a result of the foregoing, Plaintiff was injured by Defendants' violations of the FLSA.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

## COUNT III – COMMON LAW INTRUSION UPON SECLUSION

43. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

44. Defendants represented to Plaintiff that the room provided for the expression of breast milk was private, when in fact the roomed contained a camera that filmed Plaintiff while she nursed.

45. By filming Plaintiff while she was nursing in a private place, Respondent intentionally intruded upon the solitude or seclusion of the Plaintiff in a way that is highly offensive to the reasonable person.

46. The actions of Respondent constitute an intrusion upon seclusion, as defined by the Restatement of Torts § 652b, adopted by the Florida Supreme Court in Cason v. Baskin, 155 Fla. 198, 20 So .2d 243 (Fla. 1944).

47. As result of the foregoing, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff demands

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendants for Plaintiff's lost wages, benefits, and other remuneration;

d) Any other compensatory damages allowable at law;

e) All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

f) For such further relief as the Court deems just and equitable.

## COUNT IV – FPWA VIOLATION

48. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this complaint.

49. Plaintiff's termination was in retaliation for Plaintiff's activities protected by the FPWA, including complaining about a violation of a law, rule or regulations

50. Defendants retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating Plaintiff's employment.

51. As a result of the foregoing, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff demands

7

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendants for Plaintiff's lost wages, benefits, and other remuneration;

d) Any other compensatory damages allowable at law;

e) All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

f) For such further relief as the Court deems just and equitable.

## COUNT V – UNPAID WAGES UNDER FLORIDA COMMON LAW

52. Plaintiff realleges and readopts the allegations of paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

53. During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for Plaintiff's services.

54. Defendants failed to pay Plaintiff all "wages" owed to Plaintiff, including Plaintiff's commissions for her work.

55. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

h) A jury trial on all issues so triable;

i) That process issue, and that this Court take jurisdiction over the case;

j) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

k) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

l) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of April, 2018.

                              Respectfully submitted,

                              */s/ Steven G. Wenzel*
                              **STEVEN G. WENZEL**
                              Florida Bar Number: 159055
                              **WENZEL FENTON CABASSA, P.A.**
                              1110 N. Florida Avenue, Suite 300
                              Tampa, Florida 33602
                              Main Number: 813-224-0431
                              Direct Dial: 813-223-6545
                              Facsimile: 813-229-8712
                              Email: swenzel@wfclaw.com
                              Email: rcooke@wfclaw.com
                              **Attorneys for Plaintiff**